[Cite as *Gilmore v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-3652.]

| | |
|---|---|
| EMMANUEL GILMORE | Case No. 2021-00515JD |
| Plaintiff | Judge Patrick E. Sheeran |
| | Magistrate Gary Peterson |
| v. | |
| | <u>ENTRY GRANTING DEFENDANT'S</u> |
| OHIO DEPARTMENT OF | <u>MOTION FOR SUMMARY JUDGMENT</u> |
| REHABILITATION AND CORRECTION | |
| Defendant | |

{**¶1**} On August 1, 2022, Defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion for summary judgment is now before the Court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4(D). For the reasons that follow, Defendant's unopposed motion for summary judgment is GRANTED.

{**¶2**} Civ.R. 56(C) states, in part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

*See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977). "[T]he

moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} According to the complaint, at all times relevant, Plaintiff was an inmate in the custody and control of Defendant. Although not a beacon of clarity, it appears that Plaintiff brings this claim arising out of an alleged excessive use of force that occurred on or about April 29, 2021. The complaint provides that Plaintiff was taken to the ground, placed in hand restraints, repeatedly assaulted, repeatedly punched in the face, sprayed with OC (chemical) spray, and his head was slammed into the wall. Plaintiff seeks an unspecified amount in damages.

{¶4} "Allegations of use of unnecessary or excessive force against an inmate may state claims for battery and/or negligence." *Brown v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-804, 2014-Ohio-1810, ¶ 13. "To prove battery, the plaintiff must prove that the intentional contact by the defendant was harmful or offensive. * * * Ohio courts have held that, in a civil action for assault and battery, the defendant has the burden of proving a defense of justification, such as the exercise of lawful authority." *Miller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-12, 2012-Ohio-3382, ¶ 11. "A defendant may defeat a battery claim by establishing a privilege or justification defense." *Brown* at ¶ 13. "However, 'the use of excessive force by one privileged to use force on another may constitute battery.'" *Russell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-424, 2019-Ohio-4695, ¶ 11, quoting *Shadler v. Double D. Ventures, Inc.*, 6th Dist. Lucas No. L-03-1278, 2004-Ohio-4802, ¶ 19.

{¶5} "To prevail on a negligence claim, a plaintiff must establish the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Woodbridge v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-321, 2020-Ohio-891, ¶ 30.

"Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being." *Ensman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-592, 2006-Ohio-6788, ¶ 5.

{¶6} "The use of force is sometimes necessary to control inmates." *Jodrey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-477, 2013-Ohio-289, ¶ 17. "Correctional officers considering the use of force must evaluate the need to use force based on the circumstances as known and perceived at the time it is considered." *Brown* at ¶ 15, citing Ohio Adm.Code 5120-9-01(C). "[T]he precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Ensman* at ¶ 23. "In Ohio Adm.Code 5120-9-01, the Ohio Administrative Code sets forth the circumstances under which correctional officers are authorized to use force against an inmate." *Id.* at ¶ 6.

Ohio Adm.Code 5120-9-01 provides, in part:

(C) Guidelines regarding the use of force. * * *

* * *

(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

(a) Self-defense from physical attack or threat of physical harm.

(b) Defense of another from physical attack or threat of physical attack.

(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders.

(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance.

(e) Prevention of an escape or apprehension of an escapee; or

(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm.

{¶7} "Pursuant to Ohio Adm.Code 5120-9-01(C)(1)(a), correctional officers 'may use force only to the extent deemed necessary to control the situation.'" *Brown* at ¶ 16. "Additionally, correctional officers 'should attempt to use only the amount of force reasonably necessary under the circumstances to control the situation and shall attempt to minimize physical injury.'" *Id.*, quoting Ohio Adm.Code 5120-9-01(C)(1)(b). "'Excessive force' means 'an application of force which, either by the type of force employed, or the extent to which such force is employed, exceeds that force which reasonably appears to be necessary under all the circumstances surrounding the incident.'" *Russell*, 2019-Ohio-4695, at ¶ 14, quoting Ohio Adm.Code 5120-9-01(B)(3).

{¶8} In support of its motion for summary judgment, Defendant submitted an affidavit from corrections officer Kent Wallace. Wallace avers as follows:

"5. On April 29, 2021, I was working as a corrections officer at the Toledo Correctional Institution.

"6. At about 1:50 pm that day, I was working with Corrections Officer Tipton and attempting to move [Plaintiff] to a new cell.

"7. [Plaintiff] was upset about moving to a new cell, he became aggressive, and he began closing the distance between Officer Tipton and him.

"8. I told [Plaintiff] to grab his property and move to his new cell.

"9. [Plaintiff] ignored me and continued to close the distance between Officer Tipton and him.

"10. Officer Tipton told [Plaintiff] to stop, and I told [Plaintiff] to place his hands on the wall. [Plaintiff] ignored these requests.

"11. [Plaintiff] closed the distance between he and Officer Tipton and began throwing closed fist strikes at Officer Tipton's facial area.

"12. [Plaintiff] continued to disobey all directives to stop, and he continued his assault on Officer Tipton while physically resisting my attempts to stop his assault on Officer Tipton.

"13. I took [Plaintiff] to the ground while he yelled, 'I'm going to fucking kill you bitch!'

"14. As [Plaintiff] continued to yell that he was going to 'fuck us up' and kill us, I continued to tell him to stop resisting and to cuff up.

"15. I feared that if I did not subdue [Plaintiff], he would cause serious physical harm to Officer Tipton or me.

"16. I continued giving directives for [Plaintiff] to stop resisting and place his hands behind his back while he continued yelling threats.

"17 I delivered closed fist strikes to [Plaintiff's] face and body in an attempt to subdue him, and once additional staff arrived to assist, I was able to secure [Plaintiff] in hand restraints.

"18. As a result of [Plaintiff's] assault, two officers received outside medical treatment.

"19. Neither Officer Tipton nor I used any excessive force in our interaction with [Plaintiff], nor did I witness any excessive force used by any other DRC staff.

"20. I used the minimum amount of force reasonably required to gain compliance of [Plaintiff] and to ensure my own safety and that of Officer Tipton. The force used was consistent with DRC policy." Defendant's motion for summary judgment, Exhibit A.

{¶9} Defendant also filed Wallace's use of force report and a copy of Defendant's policy on the use of force.

{¶10} As stated previously, Plaintiff did not respond to Defendant's motion for summary judgment. Civ.R. 56(E) provide, in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶11} Based upon the uncontroverted affidavit testimony from Wallace, the Court concludes that the force used on Plaintiff on April 29, 2021, was justified and reasonable. There is no dispute that Plaintiff refused to comply with orders to stop approaching the officers. There is also no dispute that Plaintiff struck Tipton in the face with a closed fist and continued to strike Tipton despite orders to cease. Even when Wallace took Plaintiff to the ground, Plaintiff continued to threaten and resist the officers. The officers are privileged to use force for self-defense from a physical attack and for defense of another from physical attack. The officers are also privileged to use force when necessary to control or subdue an inmate who refuses to obey prison rules, regulations, or orders. Here, the officers' actions were necessary to control and restrain Plaintiff, who had attacked Tipton and refused to obey orders. The officers used the least amount of force necessary to ensure their safety and the force used was therefore privileged.

{¶12} Based upon the foregoing, the Court concludes that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. As a result, Defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

Filed September 26, 2022
Sent to S.C. Reporter 10/13/22